### J. M. OWENS v. THE STATE.

No. 1222.  Decided April 26, 1911.

**Aggravated Assault—Accident—Want of Criminal Intent.**

Where, upon trial of aggravated assault, there was evidence that the transaction was accidental and not intentional on the part of the defendant, and a requested charge was refused on this phase of the case, the same was reversible error.

Appeal from the County Court of Jefferson.  Tried below before the Hon. R. W. Wilson.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault on his wife. One of the State's witnesses, named Johnson, a policeman, testified he heard quarreling in the room where appellant and his wife were; he broke the door open and entered, and as he did so appellant threw a lighted lamp at his wife and struck her on the head or in the face; that the lamp left appellant's hand just as he entered the room; that this made cuts on the face of appellant's wife from which she bled prefusely. Morgan, another policeman, entered the room at the same time as did Johnson. He contradicts Johnson as to the throwing of the lamp. He states he heard glass break in the room before entering. Robinson testified for the State also that he was in a room upstairs and heard the crashing of a lamp or glass like someone had thrown it, and heard Mrs. Owens crying; that he immediately rushed downstairs, and at the foot of the stairway, which is on the sidewalk and right in front

of defendant's room, he saw the officers just entering. That he stood immediately back of them about eight feet, and followed them in the room. Mrs. Owens was bleeding about the face, and was crying. Under his testimony the lamp was thrown, if at all, before he came downstairs, and before the officers could have entered the room. All the witnesses present stated that as they entered the room and while the matter was under discussion, Mrs. Owens stated that the striking her was an accident, and under that phase of the testimony it was claimed that the lamp was giving trouble and appellant picked it up and threw it, intending to throw it out of the room, and that in throwing it he accidentally struck Mrs. Owens. This was the direct testimony of appellant himself who testified in his own behalf. In this connection he says: "The glass lamp we had looked like it was going to explode; it was setting on the desk near the door. I picked up the lamp and holloed at the same time to my wife to open the door. I turned, and as I did I throwed the lamp; my wife had not got the door open, as it was locked or latched, and the lamp struck her in the face or on the head, or it might have struck the wall and the pieces flew and struck her; any way, she was hit and she bled. The officers come and arrested me. I did not throw at Mrs. Owens and did not intend to strike her. I and she both told the officers it was an accident." This is a sufficient statement of the evidence.

1. The court charged the jury that if they should find that appellant assaulted his wife, it would be an aggravated assault, and gave them the appropriate punishment in the charge. He charged also with reference to burden of proof, presumption of innocence and reasonable doubt, and further, that the jury were the exclusive judges of the facts proved, credibility of the witnesses, and weight to be given testimony. Appellant asked the court to charge the jury that if they should find that the assault or the wounds inflicted upon Mrs. Owens was an accident not intentional, they should give appellant the benefit of the doubt and acquit him. This was refused, and an exception properly reserved by bill of exceptions. This charge ought to have been given, and because it was not, this judgment will be reversed and the cause remanded.

*Reversed and remanded.*