ISADORE HOFFMAN v. THE STATE.

No. 5340.    Decided March 5, 1919.

1.—Negligent Homicide—Accident—Charge of Court.

Where, upon trial of negligent homicide, growing out of a collision of an automobile and a buggy, the evidence raised the issue of accident or misfortune, the court should have charged the jury on this phase of the law, which would have excused the defendant from liability in the event the jury should have so found from the evidence, and the refusal of a requested charge accurately applying the law of accidental homicide to the facts in the case was reversible error. Following Hamilton v. State, 64 Texas Crim. Rep., 175, and other cases.

2.—Same—Evidence—Motive—Cross-Examination.

Where the witness for the State has testified to a state of facts showing negligence on the part of the defendant in causing the injury, the defendant should have been permitted on cross-examination to show that the witness had brought suit to recover damages resulting to him from the death of his wife from the injuries received in the collision, which suit was pending at the time of the instant trial.

3.—Same—Rule Stated—Motive of Witness.

The motive which operates upon the mind of the witness when he testified are never regarded as immaterial or collateral matters; and the defendant is entitled to show animus and prejudice on the part of the State's witness toward him, and great latitude is allowed when the object is to impeach the witness.

4.—Same—Allegation—Proof—Variance.

The contention that there was a variance between the allegation and proof is not tenable under the evidence; however the proof must correspond with the material allegations in the indictment. The court does not pass on the sufficiency of the evidence in view of another trial.

Appeal from the District Court of Hill. Tried below before the Hon. R. T. Burns, judge.

Appeal from a conviction of negligent homicide; penalty, a fine of $1.

The opinion states the case.

*J. E. Clarke, Dupree & Crenshaw,* for appellant.—On question of insufficiency of the evidence: Traedwell v. State, 16 Texas Crim. App., 560; Lucas v. State, 19 id., 79.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for negligent homicide. The information charged that the appellant while engaged in the performance of an unlawful act, "To wit: was then and there engaged in the driving and operating a motor vehicle upon a public highway, to-wit: the public road known as the Abbott and Hillsboro road leading from Abbott, in Hill County to Hillsboro in Hill County, Texas, not then and there in a careful and prudent manner and at a greater rate of speed than was reasonable and proper having regard to the traffic and use of said highway and at such rate of speed as to endanger the life and limb of persons and the safety of property, and in a reckless and careless manner and on the wrong side of said public highway, and while he was driving and operating said motor vehicle as aforesaid, did then and there without first looking to see if any person was likely to be injured thereby and negligently and carelessly ran into and hit the person of Mrs. Will Smith."

The prosecuting witness, Will Smith and his wife were in a buggy and appellant was in an automobile at night-time. This witness testified that he was driving on the right hand side of the road and saw the appellant coming from the opposite direction, and that when he saw appellant was not going to pull over that he pulled as nearly out of the road as he could get and the front wheel of appellant's car went on the inside of the front wheel of the buggy and the center of the radiator of appellant's car hit the front wheel of the buggy, snatching the horse loose from the buggy; that the horse snatched the witness out, or he fell out and the front wheel of the buggy where it was broke hit his wife in the side and she fell out in the ditch away from the car. The witness estimated the speed of the car at thirty miles an hour.

The appellant testified that he was driving the car with a flat tire, was on the right-hand side of the road; that when he saw Smith in his buggy they were near together and Smith was on the wrong side of the road. He had his wife in his lap and he turned his horse just before they came together and the front wheel of the buggy struck the rear wheel of appellant's car, which was traveling slowly, about ten miles an hour. He said that Smith told him immediately after the accident that he had his wife on his lap and could not see to drive and to excuse him, that it was his fault as much as appellant's. A passenger in the car testified that when they came in sight of the buggy that the car was on the right-hand

side and the buggy on the left-hand side, the car going north and the buggy going south. Another witness who was in the car said that "when we seen we was going to have a collision we were fixing to go more in the ditch and the negro come in his buggy and jumped up on us. When we first saw him we turned out a little bit to the right and he turned his horse upon us and our left back wheel hit his right front wheel. Just before we struck him he was turning towards us; went about the length of the automobile. When we struck the buggy the horse got scared and he jerked right in the fence. Smith said: 'I didn't aim to turn in that way and cause the wreck.' He said he turned into the automobile and to excuse him; that his wife was on his lap and he couldn't drive good." Other witnesses for the defendant gave substantially the same evidence.

Appellant excepted to the court's charge on account of the failure to embody therein the phase of law which would have excused the appellant from liability if the injury was the result of accident or misfortune. The court declined to correct his charge in this respect, and also refused a special charge requested by appellant which accurately applied the law of accidental homicide to the facts in the case, and under the evidence we think the court fell into error in failing to either give the special charge requested or embody its substance in the main charge. Owens v. State, 62 Texas Crim. Rep., 129, 136 S. W. Rep., 1057; Calhound v. State, 71 S. W. Rep., 279; Carr v. State, 48 Texas Crim. Rep., 287; Hamilton v. State, 64 Texas Crim. Rep., 175. If the jury believed the evidence of the appellant and his witnesses to the effect in substance that the injured party was on the wrong side of the road and that appellant was on the proper side of the road and driving at a moderate rate of speed and the injured party suddenly turned his horse so as to bring his buggy in contact with appellant's car while appellant was trying to avoid accident by turning his car further to the right side of the road, they would have been justified in concluding that the injury was not due to negligence on the part of appellant but was the result of accident or misfortune.

The prosecuting witness, Smith, having testified in behalf of the State to a state of facts showing negligence on the part of the appellant in causing the injury, was asked on cross-examination if it were not a fact that he had brought suit to recover damages resulting to him from the death of his wife from the injuries received in the collision, which suit was pending at the time of the trial of this cause. His answer, which would have been an affirmative one, was excluded upon the objection of the State. His answer would have gone to show the jury his animus and interest in testifying to a state of facts showing culpability of the appellant in bringing about the collision, it was within a class of testimony which is always regarded as of value in enabling the jury to pass

upon the credibility of the testimony given and the weight which they will attach to it. Mr. Branch, in his An. P. C. deduces from various decisions of this court which he cites, the statement that "the motives which operate upon the mind of the witness when he testified are never regarded as immaterial or collateral matters. The defendant is entitled to show animus and prejudice on the part of the State's witness towards him, and its extent, and in such examinations great latitude is allowed when the object is to impeach the credit of said witness." Branch's An. P. C., p. 93, section 163.

The point was made and properly reserved upon the trial that there was a variance in the allegation and proof in that the allegation was that the appellant ran into and hit the *person* of Mrs. Will Smith, while the proof shows that her person was not struck by the appellant's car but was struck by a part of the buggy wheel. Under the evidence, we are unable to say that this position is well taken. The proof, of course, must correspond with the material allegation. We think, however, that the circumstances attending the injury would raise the issue of fact as to the exact manner in which she received said injury, if any, as befell her. The proposition advanced by appellant that the death of Mrs. Smith is not shown to have been the result of the injury presented a question upon which, in view of another trial in which the evidence may present a different aspect, we do not feel called upon to pass.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*