BORTOS VYORAL v. THE STATE.

No. 5903.   Decided October 20, 1920.

1.—Aggravated Assault—Evidence—Credibility of Witness—Motive.

Upon trial of aggravated assault by driving defendant's automobile on a public road against the horse and buggy of the injured party, the court should have permitted the defendant to develop from a cross-examination of said injured party that she had sued him for damages on account of the incident to show motive of the prosecutrix as tending to affect the credibility of the witness. Following Huffman v. State, 85 Texas Crim. Rep., 11, and other cases.

2.—Same—Mistake of Fact—Requested Charge.

Where, upon trial of aggravated assault made upon a female the testimony showed that the injured party was wearing a man's hat and shirt and presented the general appearance of a man and looked like such to the defendant who was misled into the belief that she was a man without fault or want of care upon his part, he should have been afforded the benefit of the law as applied in criminal cases of an honest mistake of fact, which, while it would not have excused him, would have mitigated the offense. Following Simpson v. State, 48 Texas Crim. Rep., 328, and other cases.

Appeal from the County Court of Liberty.   Tried below before the Honorable C. N. Smith.

Appeal from a conviction of aggravated assault; penalty, a fine of two hundred and fifty dollars.

The opinion states the case.

*D. J. Harrison* and *J. Llewellyn*, for appellant.—On question of mistake of fact: Berry v. State, 17 S. W. Rep., 1080.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of evidence of damage suit: Hill v. State, 22 Texas Crim. App., 579.

MORROW, JUDGE.—Appellant was convicted of aggravated assault, and punishment fixed at a fine of two hundred fifty dollars ($250).

The appellant was driving an automobile on a public road, and the injured party, Mrs. Garrett, was driving a horse harnessed to a

buggy, on the same road going in the same direction. She claimed to have been on the right hand side of the road, leaving sufficient room for the appellant to pass in his car. He and his witnesses insisted that the contrary was true. After sounding his horn several times, the appellant got out of his car, and went to the head of the horse, and sought to turn it to one side of the road. Mrs. Garrett said that when this was done she held tightly to the reins, and the appellant threw a wrench at her, striking her and injuring her severely. The appellant, his son and daughter, who were in the car with him, claimed in their testimony that the position of Mrs. Garrett did not give opportunity for the car to pass, and they further testified that when the appellant sought to interfere with the horse Mrs. Garrett threw a wrench at him; that after doing so, she stooped down in the front of the buggy, and the appellant picked up the wrench and threw it back at her. Mrs. Garrett denied throwing the wrench at appellant.

The testimony of Mrs. Garrett, given for the State, conflicting with that of appellant and tending to establish his culpability and to enhance the punishment, the court was in error, in our judgment, in refusing to permit the appellant to develop from her on cross-examination that she had sued him for damages on account of the incident, and that in the suit then pending she was seeking to recover a large sum of money. This testimony would come within a class which has often been held admissible as bearing upon the motives which may be considered by the jury as tending to affect the credibility of the witness. Branch's Ann. Texas Penal Code, Section 163. In the case of Hoffman v. State, 85 Texas Crim. Rep., 15, the exact question now raised was determined by this court in accord with appellant's contention.

Mrs. Garrett is described as wearing a man's hat and shirt, and presenting the general appearance of a man while in the buggy, and the appellant testified that she looked like a man to him. The sole ground of aggravation charged in the complaint is that the injured party was a female, and the appellant an adult male. The appellant sought to have the jury instructed in effect that they would be authorized to convict of no more than simple assault if they believed that the appellant made the assault without knowledge that his adversary was a woman and believing that he was throwing the wrench at a man. We do not think the charge was drawn in such a manner as to require the reversal because of its refusal. In view of another trial, however, we will say that if Mrs. Garrett was wearing the apparel of a man, and presented the appearance of one, and appellant was misled into the belief that she was a man, without fault or want of care upon his part, we know of no reason why he would not be afforded the benefit of the law as applied in criminal cases of an honest mistake of fact. The mistake, if the jury found it existed, while it would not have excused, it would have mitigated the offense. For

our statute upon the subject of mistake of. fact see Vernon's Texas Crim. Statutes, Vol. 1, Section 47; Simpson v. State, 48 Texas Crim. Rep., 328; Pressler v. State, 13 Texas Crim. App., 95; Reed v. State, 53 Texas Crim. Rep., 4; Covington v. State, 51 Texas Crim. Rep., 48.

We have examined the remaining questions presented, but pretermit a discussion further than to say that they disclose no reversible error.

Because of the error pointed out the judgment is. reversed and the cause is remanded.

*Reversed and remanded.*