### FRANK TOM BRANFORD V. STATE

No. 28,848, October 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 20, 1957.

*Saub, Walker & Hammond,* by *Eldred H. Hammond, Jr.,* and *King C. Haynie* (on appeal only), Houston for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for negligent homicide of the second degree; the punishment, two years in jail.

The state's pleading alleged, its proof showed, and the jury found that the appellant while operating his automobile in excess of sixty miles per hour upon a public highway drove it into the rear of a truck travelling in the same direction and the impact thereof caused the death of the driver of the truck.

Appellant, testifying in his own behalf, stated that a front

tire on his automobile blew out which caused him to lose control of it and collide with the truck the deceased was driving.

The court charged the jury that if they believed that the blowout of the tire on appellant's automobile caused it to collide with the truck driven by the deceased to find him not guilty.

The jury resolved the issues of fact against appellant, and we find the evidence sufficient to support their verdict.

In his brief appellant presents and relies upon two contentions for a reversal.

First, he contends there is a fatal variance between the allegations in the information that his automobile collided with a truck and the proof that it collided with a motor vehicle, to wit: a Dodge pickup.

Appellant, while testifying, referred to the motor vehicle with which he collided as being a "truck." In view of his testimony no variance appears.

Appellant next contends that the court erred in refusing to permit him to prove by the witness, James H. Parrish, that he, as an attorney, had filed a damage suit in the amount of $110,000 against the appellant in behalf of the deceased before his death and expected to continue to prosecute the same in behalf of the widow and heirs of the deceased on the ground that the widow and a son of the deceased, having testified, he was entitled to show their interest and motives as affecting their credibility as witnesses.

Ora Merchant, widow of the deceased, and Robert Merchant, a son of the deceased, each testified and their testimony shows that they arrived at the scene soon after the collision but neither testified to any fact incriminating or showing any culpability of the appellant with the offense here charged. Neither of said witnesses was asked about the suit for damages while they were testifying.

From the decisions of this court it appears that if a witness testifies in behalf of the state to facts showing or tending to establish the culpability of the accused with the commission of an offense which is on trial, then the fact that he had brought a suit to recover damages resulting from the commission of the offense is admissible in evidence as bearing upon his interest

and motives which may be considered by the jury in passing on his credibility as a witness. Hoffman v. State, 85 Texas Cr. Rep. 11, 209 S.W. 747; Vyoral v. State, 88 Texas Cr. Rep. 34, 224 S.W. 889.

In the absence of any testimony by the widow or the son of the deceased showing the culpability of the appellant in the commission of the offense charged the refusal of the proffered testimony under the holdings of this court does not show reversible error.

The judgment is affirmed.

Opinion approved by the court.

DAVIDSON, Judge, dissenting.

The unlawful act relied upon to constitute negligence was the driving of a motor vehicle upon a public highway in excess of sixty miles per hour.

It is my opinion that no such act is denounced as unlawful by any statute of this state. The only statute in this state regulating the speed of motor vehicles is contained in Art. 827a, Sec. 8, Vernon's P.C., which makes unlawful the driving and operating of a motor vehicle upon a public highway at a speed greater than is reasonable and prudent under the conditions then existing.

My views upon this question are fully set forth in my dissenting opinions in Rowland v. State, No. 28,357, dated January 30, 1957 and October 9, 1957, 311 S.W. (2d) 831.

There being no unlawful act alleged upon which negligence could be predicated, the judgment should be reversed and the cause remanded.

I respectfully dissent to the affirmance of this case.