**Leo W. BLAKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35417.**

Court of Criminal Appeals of Texas.

March 13, 1963.

Stewart & White by Thomas D. White, Charles M. Leftwich, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James S. Shatto, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is embezzlement; the punishment, two years in the penitentiary.

The indictment charged that on or about the 15th day of March, 1961, the appellant did unlawfully and fraudulently embezzle $970 in money belonging to one B. J. Stahlman.

It was shown by the state's evidence that appellant was the manager of Cash-Way, Inc., a retail lumber business in the city of Houston. B. J. Stahlman, the injured party, was vice-president and general manager of the company and also president and general manager of Stahlman Lumber Company, which furnished materials to Cash-Way, Inc.

On March 29, 1961, it was brought to Stahlman's attention that a shortage had occurred in the Cash-Way company business around March 15 or 16. Upon investigation it was ascertained that there was a shortage of $970 in the company funds on March 15. The investigation also revealed that on such date a check in the amount of $970 given the company by O. C. Meador for purchase of building materials had been deposited to the

company account at the bank but no sales ticket was issued for the materials. The investigation further disclosed that other sales on such date totaled the exact amount of the check deposited but that the cash from those sales was not deposited in the bank.

Stahlman, the prosecuting witness, testified that after the shortage was discovered he contacted the appellant, who was out of the city, and requested that he return to Houston as soon as possible; that on March 29, appellant did return and reported to his office around 4 o'clock, p. m., at which time Jim Clegg, an attorney for the company, and Officers Carpenter and Schultea, of the sheriff's department, were present. Stahlman testified that he then proceeded, in the presence of the two officers and the attorney, to engage appellant in conversation relative to the shortage and that in the conversation appellant admitted he had been taking money from the company and that he took the money from the Meador check on March 15.

Following his admission of guilt, appellant was placed under arrest and taken to the sheriff's office, where he made and signed a written confession to Officer H. C. Carpenter, which was introduced in evidence by the state. In his confession appellant admitted taking money from the company from various checks and particularly the $970 Meador check.

Testifying as a witness in his own behalf, appellant denied taking the $970 from Cash-Way, Inc., and denied that he told the injured party, Stahlman, that he took the money. Appellant also repudiated his written confession made to Officer Carpenter and testified that the reason he signed the statement was to help Stahlman recover from the bonding company the money which was missing from the business.

On cross-examination of the state's witness Stahlman, appellant sought to show that a civil suit had been filed by Stahlman Lumber Company, Inc., against appellant and the bonding company, Fidelity and Deposit Company of Maryland, to recover the sum of $31,086.75 alleged to have been taken by appellant. The state objected to such testimony on the ground that it was immaterial, which objection was by the court sustained. In the absence of the jury, appellant perfected his bill of exception by showing, upon further cross-examination of the witness, that such suit had been filed and was pending. Appellant again sought to offer such testimony before the jury, stating to the court that it was being offered to show bias upon the part of the prosecuting witness and also to impeach his testimony given in the jury's presence that he did not know that such suit had been filed. This offer was by the court refused.

The testimony should have been admitted. Stahlman testified before the jury that he did not know of such suit being filed. Appellant should have been allowed to show that such suit had been filed. It is well settled that great latitude is allowed in cross-examination when its purpose is to bring out facts which will give to the jury the attitude, motive, and interest which may be affecting the testimony of a witness. Hughes v. State, 163 Tex.Cr.R. 575, 294 S.W.2d 846. For the purpose of discrediting him, it may be shown that a prosecuting witness has brought a civil suit for damages based upon the same occurrence as that for which the accused is being prosecuted. 45 Tex.Jur. 77, Sec. 222; Vyoral v. State, 88 Tex.Cr.R. 34, 224 S.W. 889; Branford v. State, 165 Tex.Cr.R. 314, 306 S.W.2d 725. The prosecuting witness, Stahlman, gave testimony most damaging to appellant and, under the record, the court's refusal to permit appellant to show that a suit had been filed against him (appellant) and the bonding company by the company of which the witness was an officer and stockholder was error.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.