**Don Nath RHODES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37666.**

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

Rehearing Denied March 17, 1965.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., John Nelms, Mike Everett, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment six months in jail.

In view of our disposition of this case a recitation of the facts is not deemed necessary other than to observe that the prosecuting witness Powell was the only witness for the State as to the actual assault. On cross examination of Powell, appellant inquired.

if he had not filed a suit against appellant for $20,000.00. The State's objection was sustained with the admonition of the Court to "Stay off the civil suit". In the absence of the jury for the purpose of perfecting a bill of exception, it was stipulated that Powell, if permitted, would testify that he was the plaintiff in a civil suit in which he sought to recover said sum from appellant, that such suit was pending, and that it arose out of the same transaction from which this criminal prosecution stemmed, and that such testimony was offered for the purpose of showing bias of the witness Powell. The court overruled appellant's tender of such evidence and appellant excepted.

In Hoffman v. State, 85 Tex.Cr.R. 11, 209 S.W. 747, this Court held that evidence that the prosecuting witness had brought a suit against the accused for damages growing out of the incident for which the accused was then on trial and that such suit was still pending was admissible to show the animus and interest of the witness.

In Vyoral v. State, 88 Tex.Cr.R. 34, 224 S.W. 889, this Court held that the injured party in the criminal action might be cross examined concerning a pending civil suit for damages which she had brought against accused growing out of the same incident.

In the recent case of Blake v. State, Tex. Cr.App., 365 S.W.2d 795, we held that evidence that the witness Stahlman, who was an officer and stockholder in a corporation which had brought a civil action against the accused growing out of the alleged embezzlement for which accused was being tried, was admissible to show bias of the witness. See also 1 Branch's Ann.P.C. (2d) Art. 46, Sec. 185, p. 192.

■ We overrule the State's contention that this question is not properly before this Court for review.

■ For the error pointed out, the judgment is reversed and the cause is remanded.