Bartolome **ZUNIGA**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. 13–81–157–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 26, 1983.

Rehearing Denied Sept. 15, 1983.

Joseph A. Connors, III, McAllen, for appellant.

Robert Salinas, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of the Class A misdemeanor official oppression by mistreatment under TEX.PENAL CODE ANN. § 39.02(a)(1) (Vernon 1974). Because this was a case involving official misconduct, it was tried in the district court. TEX. CONST. art. 5 § 8 (Vernon Supp. 1982). The trial court, whom appellant had elected to assess punishment, sentenced appellant to one year's confinement in the county jail and a fine of $600.00. The trial court probated the confinement portion of the sentence.

At the time of the incident which gave rise to this prosecution, appellant was an officer of the Mission, Texas, police force. Appellant was charged with intentionally mistreating Juanita Barrera by restraining her, while acting under color of his office or employment, and knowing that his conduct was unlawful. Barrera testified that late in the evening of April 28, 1980, she was working at Gilbert's Fried Chicken in Mission. At 11:00 p.m., closing time, she telephoned her boss to inform him of where she placed the key to the store and to tell him that she did not have a ride home. Acting on the suggestion of her employer, she walked to the police department to ask for a ride. There, she was told that there was no one available but that she could wait for a ride with someone from the county sheriff's department. After about a half an hour, she became worried about her children and tired of waiting, so she struck out from the police station on foot with the intent of walking home. According to her testimony, somewhere along the way, she was stopped by a Mission police officer who offered her a ride home. She identified the appellant as that officer. Barrera voluntarily got in the police car. Instead of taking her straight home, the appellant turned off on a dead end road, saying something about having to check something down there, parked the car and turned off the lights. He then offered her something, which she described as a small, white pill, "for her nervousness," and said he wanted "to be with her." Barrera became frightened, got out of the car and fled on foot. Barrera admitted that the appellant did not touch her, threaten her or attempt in any way to force her to remain in the car after they had stopped. However, she bruised herself when she fell into a ditch in fleeing from appellant. She testified that she became frightened as soon as appellant deviated from the path to her home.

The appellant testified that he had seen Barrera twice on the night in question, once at the police station and walking on U.S. Highway 83 later in the evening. He admitted stopping to question her but denied picking her up. He maintained that he refused her a ride home because it was outside the city limits. Appellant admitted that he had trained at a police academy and was knowledgeable of what is unlawful under the Penal Code.

By his first four grounds of error, appellant claims he was denied his federal and state constitutional right to confront the witnesses against him when the trial court refused to allow him to cross-examine Barrera as to certain matters designed to demonstrate interest, motive and bias of Barrera against appellant.

Appellant's trial counsel attempted to question Barrera about whether or not she was pressing a civil claim against the City of Mission in connection with the incident

for which the appellant was on trial. The State objected, and after an off-the-record conference between the Court and counsel for both parties, the matter was put off until recess. At the recess, with the jury absent, the trial court heard arguments from both sides and testimony from Barrera. During this hearing, Barrera gave conflicting testimony. First, she admitted that she had hired an attorney to sue the City of Mission, and then later she claimed that her husband was responsible for authorizing the filing of a claim against the city and asserted that she knew nothing about it. Appellant's counsel attempted unsuccessfully to introduce a letter sent to the City of Mission by an attorney, Robert Rodriguez, in which he asserted that he represented Mrs. Barrera in connection with her complaint against the appellant. Rodriguez stated that he was reviewing the facts and the law to determine if the city was liable for damages, and that the purpose of the letter was to put the city on notice of Mrs. Barrera's intent to pursue certain legal remedies against the city. The trial court ruled that the examination of Mrs. Barrera concerning the claim against the City of Mission and the letter in question, and admission of the letter itself, would not be permitted.

Next, appellant's counsel questioned Mrs. Barrera about whether she had previously filed other complaints against other police officers. This was denied by Barrera, who admitted that she had complained unofficially to an officer investigating the present case that an officer Flores, a friend of the appellant, was "following her and bothering her" prior to the trial.

■ An accused's right to confront the witnesses against him and, through reasonable cross-examination, place the witness in his proper setting and test the weight and credibility of his testimony has long been held essential to a fair trial. *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Spain v. State,* 585 S.W.2d 705 (Tex.Cr.App.

1979). Quoting from *Davis,* the Court of Criminal Appeals in *Spain* stated:

"The erroneous denial of this right to confrontation is 'constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it.'" 585 S.W.2d at 710.

See also *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975).

■ In this context, the accused is to be allowed wide latitude in showing any fact which would tend to establish bias or interest on the part of any witness testifying against him. *Harris v. State,* 642 S.W.2d 471 (Tex.Cr.App.1982); *Spain v. State, supra,* at 710; *Simmons v. State,* 548 S.W.2d 386, 388 (Tex.Cr.App.1977). We hold that evidence of the bringing of a civil suit is proper evidence of bias or interest. *Cox v. State,* 523 S.W.2d 695, 700 (Tex.Cr.App.1975); *Rhodes v. State,* 387 S.W.2d 413 (Tex.Cr.App.1965); *Blake v. State,* 365 S.W.2d 795 (Tex.Cr.App.1963).

■ The State argues that appellant failed to preserve his error because there was never a direct ruling prohibiting Barrera from answering the initial question and because appellant's counsel never attempted to re-ask the questions concerning the civil claim after the in camera hearing. The record shows that the trial judge did expressly exclude all evidence of a suit against the city and of the letter of intent allegedly sent on behalf of Barrera. The original offer and the showing of what Barrera's testimony would have been on the matter of the civil claim were sufficient to preserve the error. *Loyd v. State,* 506 S.W.2d 600, 601 (Tex.Cr.App.1974). Cf. *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App.1981).

■ The record supports the State's argument with regard to the evidence of other complaints about police officers. It appears there was no ruling from the court on that evidence, nor was there an attempt to offer such evidence before the jury. The ground of error concerning appellant's right to cross-examine Barrera concerning other complaints about police officers is over-

ruled. We are left with three grounds of error directed at the trial court's refusal to allow the appellant to question Barrera about her claim against the City of Mission.

The State contends that Barrera's denial at the in camera hearing of any knowledge about the civil claim against the city justifies the trial court's action in precluding the appellant from attempting to impeach her credibility by questioning her about such claim. We disagree. The essence of the error committed was the denial of an *opportunity to question* the witness in the presence of the jury. The jury should have been given the opportunity to observe Barrera's response to the questions. "An unbelievable denial of the existence of a fact can be even more probative as to lack of credibility than an affirmative admission of the fact." *Spain v. State, supra,* at 710; *Harris v. State, supra,* at 480. Appellant's grounds of error one, two and three are sustained.

Appellant contends that he should have been tried for false arrest, a Class B misdemeanor, rather than official oppression. His argument is that the false arrest statute is more specific than the official oppression provision, and should therefore control. Compare TEX.PENAL CODE ANN. § 20.-02 (Vernon 1974) with TEX.PENAL CODE ANN. § 39.02 (Vernon 1974). See *Ex parte Harrell,* 542 S.W.2d 169, 170–173 (Tex.Cr. App.1976); *Cuellar v. State,* 521 S.W.2d 277, 279 (Tex.Cr.App.1975).

Appellant's argument fails to consider the difference between the two offenses. Simply put, false arrest is unlawful restraint of an individual by another individual. TEX.PENAL CODE ANN. § 20.02 (Vernon 1974). Official oppression is admittedly a somewhat broader provision, in that it encompasses different types of misconduct which may comprise the offense. It is certainly true that the offense as charged in the present indictment includes as an element of the offense a definition of the offense of false arrest. However, there is a fundamental difference between the two provisions. The offense of official oppression may only be committed by "*a pub-

*lic servant acting under the color of his office or employment.*" The two statutes have different objectives. We find no conflict between the two. See *Alejos v. State,* 555 S.W.2d 444, 449–451 (Tex.Cr.App.1977).

The appellant challenges the sufficiency of the evidence to support his conviction. The record in this case, as briefly summarized above, presented the jury with conflicting evidence on whether the appellant's conduct amounted to "mistreatment" as that term was defined in the indictment and charge. The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Cr. App.1978). Viewing the evidence in the light most favorable to the jury's verdict, as we are charged with doing in this direct evidence case, we hold that the evidence was sufficient to sustain the judgment of conviction.

Appellant alleges that TEX.PENAL CODE ANN. § 39.02, the provision defining the offense of official oppression, violates the due process clauses of both Article 1, § 19 of the Texas Constitution and the 14th Amendment of the United States Constitution because it is vague and overbroad. A statute is void for vagueness if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application." *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Cr.App. 1979); *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). See also *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). A penal statute is unconstitutionally overbroad if its sphere of regulation is so broadly described as to "invade the area of protected freedoms." *Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

The particular object of appellant's complaint is the inclusion of the term "mistreatment" in the statutory definition of the offense of official oppression. The pro-

vision under which the appellant was convicted reads as follows:

"(a) a public servant acting under the color of his office or employment commits an offense if he:

(1) intentionally subjects another to mistreatment ... that he knows is unlawful;"

Therefore, not all forms of mistreatment are proscribed, but only those which are "unlawful." "Unlawful" is defined by the Penal Code as conduct which is "criminal or tortious or both and includes what would be criminal or tortious but for a defense not amounting to a justification or privilege." TEX.PENAL CODE ANN. § 1.07(a)(36) (Vernon 1974). This qualification of the term "mistreatment" places the definition of this offense well within the realm of common understanding and clearly prevents it from encroaching upon the area of constitutionally protected activities. We hold that section 39.02, which defines the offense of official oppression, is not void for vagueness or overbreadth.

Appellant also brings a number of other complaints about the indictment and the jury charge. We have considered each of them and find them without merit. They are all overruled.

In accordance with our disposition of the first three grounds of error, we reverse the judgment of the trial court and remand the cause for a new trial.

### OPINION ON MOTION FOR REHEARING

On motion for rehearing, the State argues that this Court erred in sustaining appellant's first three grounds of error. The State argues that appellant failed to preserve error by not obtaining an adverse ruling on his attempt to question Mrs. Barrera about the civil claim against the City of Mission. We disagree. The record indicates that appellant's counsel asked Mrs. Barrera about the claim. State's counsel objected to the question, a bench discussion was held, and the trial court gave defense counsel "an opportunity to go into this problem at the recess time."

Later, out of the presence of the jury, the issue was presented to the court. Defense counsel argued that he should be able to cross-examine Mrs. Barrera in front of the jury about any civil claim against the city because the civil claim gave her a financial interest in fabricating a story against the officer. During the argument, defense counsel presented to the court a letter from Mrs. Barrera's attorney concerning the possible claim. Out of the presence of the jury, the trial court repeatedly ruled that evidence of the claim was inadmissible. At one place in the record, the trial court said, "I'm going to rule that this is not admissible." Later, the court said, "(M)y ruling is that the notice of intention to the City of Mission, whatever it amounts to, or the written instrument itself is not admissible. You have your objection and you have your bill and I think a full record of it." And again, the court said, "I'm going to rule it's inadmissible and give you a complete bill on it." Finally, the Court reiterated:

"(M)y final ruling as far as a suit against the city is concerned and that letter is concerned, is that it will be excluded and you can have your objections and exceptions and if you want to expand on it later after this case goes to the jury, you can do so. Now, let's go to the next question."

The State is correct in pointing out that the letter was never offered as evidence in front of the jury. The State is wrong in arguing here that the appellant never received an adverse ruling from the court with regard to whether Mrs. Barrera had filed a claim against the city of Mission. As noted above, the "final ruling as far as a suit against the city is concerned and that letter is concerned, is that it will be excluded."

The State also argues in its motion for rehearing that defense exhibit no. 4 (the letter) was a *duplicated copy* and, because of that, was inadmissible. We again disagree. Art. 38.01 TEX.CODE CRIM. PRO.ANN (Vernon 1979) provides that the common law rules of evidence apply in criminal cases, "except where they are in

conflict with the provisions of this code or of some other statute of the State." See also Art. 38.02 TEX.CODE CRIM.PRO. ANN. (Vernon 1979).

TEX.REV.CIV.STAT.ANN. art. 3731c provides that a photocopy or reproduction shall be permitted in any judicial or administrative proceeding "where there is no bona fide dispute as to its being an accurate reproduction of the original." In this case, there was no dispute that the copy of the letter from Mrs. Barrera's attorney was an accurate reproduction of the original. The State's argument on rehearing is without merit. Although the letter was not offered before the jury, it is apparent that the trial court had ruled the letter inadmissible.

We have carefully considered all of the State's grounds of error in its motion for rehearing, and they are overruled.