Jerry Lou **MULLINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–84–440–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 17, 1985.

Thomas G. White, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellant pled guilty to aggravated sexual assault and was sentenced by a jury to eighty-five years in the Texas Department of Corrections. On appeal, he challenges the photographic lineup, the evidence of his prior convictions admitted at trial, the testimony of the victim's psychologist, and the refusal of the trial court to allow one of the victim's attorneys to testify. We find no reversible error and affirm.

On May 21, 1984, the complainant left her office in the First City Bank Tower at about 3:30 p.m. and took an elevator alone headed for the parking garage. The elevator stopped on the first floor, appellant entered, punched the "stop" switch, pointed

a knife at her and forced her to have sexual intercourse with him. He then fled the scene.

At the punishment stage, the state called a psychologist who testified that the victim suffered from exaggerated fearfulness, withdrawal, hypervigilance, sleep disturbances, nightmares and depression, which are symptoms of a post-traumatic stress disorder she was experiencing. She testified that the victim would probably suffer permanent damage to her sense of personal security.

In appellant's seventh, eighth and ninth grounds of error, he asserts that the trial court erred in allowing the testimony of the victim's psychologist because: 1) her testimony bolstered the victim's uncontroverted testimony; 2) was highly speculative; and 3) was improper because he was not afforded an opportunity to have the victim analyzed by an independent psychologist of his own choosing.

■ Appellant argues that Dr. Walter's testimony served only to bolster the victim's own testimony. Bolstering occurs when a party is allowed to introduce prior consistent statements of an unimpeached witness to enhance the witness' credibility. *Lopez v. State*, 643 S.W.2d 431 (Tex.App.— Corpus Christi 1982, no pet.). The record shows that Dr. Walter's testimony covered different areas than the victim's. Dr. Walter testified as an expert. She gave her professional opinion of the victim's disorder, the symptoms, the treatment and her prognosis. The victim testified that she quit her job and, at the time of trial, was still unable to enter an elevator alone. She testified that the rape had affected her family life. The victim believed it would take her a long time to recover. The psychologist's testimony served as a means to independently prove the nature and extent of the injuries suffered by the victim.

■ Appellant also complains that Dr. Walter's testimony should not have been admitted because it was speculative. Evidence is introduced at the punishment phase to enable the jury to intelligently exercise its discretion in determining an appropriate punishment. *Williams v. State*, 674 S.W.2d 315 (Tex.Crim.App.1984); *York v. State*, 566 S.W.2d 936 (Tex.Crim. App.1978). The trial court's decision to admit or exclude opinion testimony will not be distrubed unless there is shown a clear abuse of discretion. *Steve v. State*, 614 S.W.2d 137 (Tex.Crim.App.1981). All of the facts and circumstances surrounding the commission of the offense are admissible before the jury on the question of guilt and may be considered in determining the punishment to be assessed. *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976).

A jury hearing a rape case may be unaware of the severe psychological damage done to a rape victim. Even if the victim has not been physically harmed or brutalized by her assailant, she may nevertheless be severely and permanently scarred by experiencing such an invasive and violent attack. Here, the evidence suggests that the "psychological wounds" suffered by the victim were every bit as painful as if they had been physically inflicted by the appellant.

■ The fields of psychology and psychiatry are not always as precise as those of physical medicine. However, the professionals in those fields are well able to discern symptoms and make exacting diagnoses. Here, while Dr. Walter could not state with absolute certainty the long-range effect that the rape experience had on the victim, her testimony was specific with regard to the victim's manifest problems and, to the degree possible, her prognosis for the future. We find that the trial court did not abuse its discretion in allowing Dr. Walter to testify.

■ In appellant's ninth ground of error, he further asserts that the trial court erred because he was not afforded an opportunity to have the victim analyzed by an independent psychologist. The record reflects that appellant knew that Dr. Walter might testify through his Motion for Discovery and Inspection a list of witnesses. He does not complain that the testimony of Dr. Walter was a surprise. We find nothing in the

record to show that he ever requested an independent psychological examination. *See Id.* at 425. Appellant's seventh, eighth and ninth grounds of error are overruled.

■ In appellant's first ground of error he argues that the trial court erred in overruling his motion to suppress the identification testimony of the victim. He urges that an impermissibly suggestive photographic "spread" was shown to her which tainted a later line-up and the victim's in-court identification of appellant. First, we note that appellant pled guilty without entering into any type of plea bargain arrangement with the State. The Court of Criminal Appeals in *Christal v. State*, 692 S.W.2d 656 (Tex.Crim.App.1985) (opinion on motion for rehearing) reiterated the *Helms*[1] rule which states that where a plea of guilty is voluntarily and understandingly made, all non jurisdictional defects including claimed deprivation of federal due process are waived. An error in a pretrial identification procedure is not a jurisdictional defect. *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1982). We hold that appellant has waived this ground of error, if there was any, by entering into a non-negotiated plea of guilty. Appellant's first ground of error is overruled.

■ In appellant's second ground of error he claims that the trial court erred by permitting the State to introduce evidence of his prior convictions. The judgment on the prior conviction showed convictions on both counts of a multi-count indictment for attempted rape and aggravated assault, arising out of the same transaction in Aransas County. The judgment and order of probation were before the jury only after the trial court deleted any reference to the second count for aggravated assault. Appellant argues that the judgment was either void or voidable and should not have gone before the jury. We agree with appellant's argument that the judgment convicting appellant of more than one count in one indictment for a non-property offense was erroneous. However, such judgment is not void. *Drake v. State*, 686 S.W.2d

935 (Tex.Crim.App.1985). We find nothing to indicate that the Aransas County judgment was ever attacked. We hold only that any possible error in admitting the prior conviction was cured by the deletion of the conviction for aggravated assault. The second ground of error is overruled.

■ In appellant's third ground of error he contends that the trial court erred in admitting a prior federal conviction into evidence. He claims that the proper predicate was not laid because it was not properly authenticated. The State offered a document entitled "Judgment and Probation/Commitment Order," which showed that appellant had been convicted for escape from federal custody. The certification of the Clerk of the district court in which appellant was convicted was attached to the judgment.

■ Appellant argues that the documents should have been evidenced by an official publication attested to by the custodian of the records. Authentication of documents, such as the one at bar, was formerly governed by TEX.REV.CIV.STAT. ANN. art. 3731a. *See Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). This statute, as it relates to civil cases, was repealed when the Texas Supreme Court adopted the new Texas Rules of Evidence. It is unclear whether these rules are applicable in criminal cases. TEX.CODE CRIM. PROC. ANN. art. 38.02 provides:

> The rules of evidence prescribed in the statute law of this State in civil suits shall, so far as applicable, govern also in criminal actions when not in conflict with the provisions of this Code or of the Penal Code.

Neither the Code of Criminal Procedure nor the Penal Code provides guidance for the admission of documentary evidence. It is logical, therefore, that the "statute law of this State in civil suits," which is now the Texas Rules of Evidence, should apply here, and we so hold.

---

1. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972).

TEX.R.EVID. 901(b)(7), pertaining to authentication of public records or reports states:

> Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation in any form, is from the public office where items of this nature are kept.

TEX.R.EVID. 902, dealing with self-authentication, provides that extrinsic evidence of authenticity is not required as a condition precedent to admissibility under TEX.R.EVID. 902(1) when the document bears the seal "of the United States, or of any State, district, Commonwealth, ... or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution." TEX.R.EVID. 902(4) further provides that a "copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed by the Supreme Court pursuant to statutory authority."

The State's exhibits bear the seal of the federal district clerk's office, her attestation that the document was a certified copy of the original and her signature. We hold that this is sufficient authentication under either TEX.R.EVID. 901 (b)(7) or 902 (1) or (4).[2] Appellant's third ground of error is overruled.

■ Appellant argues in his fourth ground of error that the trial court erred in admitting evidence concerning his federal escape charge because the exhibit had no formal sentence attached to it. Exhibit 2(c)–1 entitled Judgment and Probation/Commitment Order contains a section entitled "Sentence or Probation Order" which reads:

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of THREE (3) YEARS.

The exhibit shows that appellant was sentenced to three years' imprisonment. The document shows on its face that there was a final conviction, and it was properly admissible. Appellant's fourth ground of error is overruled.

Appellant, in his fifth ground of error argues that the identity proof inadequately links him to the federal escape conviction. In order to use a prior criminal offense at trial, the State must prove that the defendant is the person charged with the offense and found guilty. *Rios v. State,* 557 S.W.2d 87 (Tex.Crim.App.1977). In this case, the State attempted to prove appellant's identity through the testimony of Dick Leonard, appellant's probation officer. Leonard testified that appellant reported to him from November 9, 1981 until March 7, 1982. He identified appellant as the individual who had reported to him as a parolee on the escape charge. Leonard also testified that he was not in the courtroom when appellant was sentenced.

■ In *Daniel v. State,* 585 S.W.2d 688 (Tex.Crim.App.1979), the Court of Criminal Appeals specified means whereby the prosecution could prove convictions constituting a prior criminal record to include: (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identified him; (2) a stipulation or judicial admission of the defendant that he has been convicted; (3) introduction of certified copies of the judgment and sentence, including fingerprints of the accused supported by expert testimony identifying them with fingerprints of the de-

2. *See* 48 Tex.B.J. 928 (1985).

fendant or comparison of the record of conviction containing photographs and a detailed physical description of the person in those records, with the appearance of the person in count. *Daniel,* 585 S.W.2d at 690, 691. The testimony of Leonard satisfies the requirements in *Daniel* because Leonard personally knew the defendant, the facts of his conviction, and he identified him. Similar proof was held sufficient to show identity in *Bautista v. State,* 642 S.W.2d 233 (Tex.App.—Houston [14th Dist] 1982, pet. ref'd). Appellant's fifth ground of error is overruled.

In appellant's sixth ground of error he urges that the trial court erred by refusing his request to allow the testimony of an attorney whom the victim had hired to represent her in a related civil lawsuit. Appellant claims that his testimony would have established bias and motive on the part of the victim to embellish the injuries she received during the assault.

 The right of the accused to confront witnesses against him and, through reasonable cross examination, place the witness in his proper setting and test the weight and credibility of his testimony has long been held essential to a fair trial. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Spain v. State,* 585 S.W.2d 705 (Tex.Crim.App.1979); *Zuniga v. State,* 664 S.W.2d 366 (Tex.App. —Corpus Christi 1983, no pet.). An accused should be allowed wide latitude in showing any fact which would tend to establish bias or interest on the part of any witness testifying against him. *Harris v. State,* 642 S.W.2d 471 (Tex.Crim.App.1982); *Zuniga v. State,* 664 S.W.2d at 369.

Appellant argued that there was a discrepancy in the victim's written statement to police after the indictment and her testimony at trial. The victim said in her written statement that appellant had pointed a knife at her. At trial she testified that appellant had put a knife to her throat. Appellant apparently theorizes that this was a "change" in her testimony, and it was motivated by her civil lawsuit in order to make her damages appear worse than they actually were.

 Appellant was allowed to cross-examine the complainant on this point. She testified that she had filed a lawsuit. She said that the attorney who was representing her in that suit was present in the courtroom. The trial court heard the testimony of the victim's attorney outside the presence of the jury, by way of a bill of exception. He testified that he had discussed with the victim the type of damages Texas law allows for her type of injury, including punitive damages and damages for pain and suffering but not the amount of damages. The trial court denied appellant's motion to place this testimony before the jury.

We see no meaningful discrepancy between the victim's written statement and her testimony at trial. She consistently maintained that appellant was armed with a knife which he pointed at her. Whether it was pointed at her throat, or some other part of her body is irrelevant. Appellant was allowed to place his theory of bias before the jury on cross examination. If the victim had denied filing a civil lawsuit arising out of the assault, it then might have been proper to allow the attorney to testify. We find that appellant was allowed to adequately attempt to prove bias, motive or prejudice. We hold that the trial court did not abuse its discretion in refusing to permit the tendered testimony. Appellant's sixth ground of error is overruled.

The judgment of conviction is affirmed.