## W. L. BRIDGES, SR., V. STATE

No. 34,053 and No. 34,054. January 3, 1962
Motion for Rehearing Denied February 23, 1962

*Fred Bruner* and *Dave McCord,* Dallas, for Appellant.

*Henry Wade,* Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted upon a plea of guilty before the court without a jury under The Securities Act, Art. 581-1, V.A.C.S., for the offense of the unlawful sale of securities and his punishment assessed at confinement in the penitentiary for two years.

No statement of facts of the evidence adduced upon the trial accompanies the record and there are no bills of exception.

Appellant's sole contention on appeal is that the indictment fails to charge an offense because it did not negative the exempt transactions enumerated in sec. 5 of The Securities Act. The contention is urged as fundamental error, no exception or motion to quash the indictment having been filed by appellant in the trial court.

In Baker vs. State, 132 Texas Cr. Rep. 527, 106 S.W. 2d 308, Judge Lattimore speaking for this Court, in announcing the rule with reference to the necessity of negativing statutory exceptions in charging an offense in an indictment said:

"From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the

Legislature sees fit to create exceptions to the general penal provisions of a statute if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense * * * ."

See also 1 Branch's Ann. P.C. 2d Ed. par. 530, p. 508, and cases there cited.

An examination of The Securities Act clearly reflects that the exempt transactions, separately enumerated in sec. 5 thereof, are not a part of the offense of unlawfully selling securities as defined in other sections of the Act. It was not necessary that the indictment negative the exempt transactions enumerated in sec. 5 of the Act in charging appellant with the offense.

The allegations contained in the second count of the indictment under which appellant stands convicted are sufficient to charge an offense under the Act.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Judge.

On rehearing, appellant makes certain contentions which he alleges are supported by the statement of facts and urges that this Court consider what purports to be a statement of facts for the first time. It does not appear to have been approved by the trial judge or prosecuting attorney and was not filed with the clerk of the trial court as required by Article 759a, V.A.C.C.P., and the holding of this Court in Couch v. State, 255 S.W. 2d 223.

The affidavit of appellant and his counsel to the effect that the statement of facts was presented to the trial judge for approval on June 29, 1961, which was within the time allowed by the judge, does not show sufficient diligence; he must go further and see that it is approved and filed in time. Ex parte Denson, 165 Texas Cr. Rep. 420, 307 S.W. 2d 952; Randolph v. State, 155 Texas Cr. Rep. 432, 234 S.W. 2d 235; Webb v. State, 109 Texas Cr. Rep. 31, 4 S.W. 2d 45. There is no showing that appellant or his counsel gave the matter of the approval of the statement of facts any further attention after June 29, 1961.

The statement of facts before us therefore cannot be considered and the motion for rehearing is overruled.