

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

April 16, 1965

Honorable Tom Blackwell          Opinion No. C-423
District Attorney
Travis County Courthouse     Re:    Whether under the stated
Austin, Texas                       facts, certain persons
                                    and a certain corporation
                                    have violated The Securi-
                                    ties Act by a sale of the
Dear Mr. Blackwell:                 securities in question.

    You have requested an Attorney General's Opinion
on whether, under submitted facts, certain sales of
securities have been made in violation of The Securities
Act, Art. 581-1, et seq., Vernon's Civil Statutes. The
facts you submitted are as follows:

    A, B and thirty-three other individuals without
public offering, solicitation or advertising, cause a
domestic corporation to be formed. The corporation,
acting by and through its board of directors, accepts
subscriptions for stock from A and B and the thirty-
three other persons. The corporation issues stock to
A and B and thirty-three other persons through its
transfer agent, a national bank. All of this stock is
original issue stock.

    B subsequently receives additional stock in the
corporation. X then makes a request for stock in the
corporation to A who refers X to B. B then sells and
transfers some of his stock to X and others. The total
number of shareholders exceeds thirty-five when X
and the others receive their stock in the corporation
from B. B was not licensed as a securities dealer,
salesman, or agent under any of the provisions of the
Securities Act at the time the sales in question were
made. The corporation had not registered its stock for
sale to the public in Texas under any provisions of the
Securities Act, and the corporation was not registered
as a corporate securities dealer at the time the sales
were made. You ask whether A, B, or the corporation
violated the penal provisions of Section 29 of The
Securities Act when B sold stock to X and the others.

One who sells unregistered securities or one who sells securities without being a licensed dealer, salesman or agent is guilty of having committed a felony under the penal provisions of The Securities Act, Art. 581-29. The penal provisions of The Securities Act do not apply, however, if the transactions involved are exempt under The Securities Act, Art. 581-5, which provides:

"Except as hereinafter in this Ace specifically provided, the provisions of this Act shall not apply to the sale of any security when made in any of the following transactions and under any of the following conditions, and the company or person engaged therein shall not be deemed a dealer within the meaning of this Act; that is to say, the provisions of this Act shall not apply to any sale, offer for sale, solicitation, subscription, dealing in or delivery of any security under any of the following transactions or conditions:

" *  *  *

"C. (1) Sales of securities made by or in behalf of a vendor, whether by dealer or other agent, in the ordinary course of bona fide personal investment of the personal holdings of such vendor, or change in such investment, if such vendor is not engaged in the business of selling securities and the sale or sales are isolated transactions not made in the course of repeated and successive transactions of a like character; provided, that in no event shall such sales or offerings be exempt from the provisions of this Act when made or intended by the vendor or his agent, for the benefit, either directly or indirectly, of any company or corporation except the individual vendor (other than a usual commission to said agent), and provided further, that any person acting as agent for said vendor shall be registered pursuant to this Act;

" *  *  *

"I. Provided such sale is made without any public solcitation or advertisements, (a) the sale of any security by the issuer thereof so long as the total number of security holders of the issuer thereof does not exceed thirty-five (35) persons after taking such sale into account; (b) the sale of shares of stock pursuant to the grant of an employees' restricted stock option as defined in the Internal Revenue Laws of the United States; or (c) the sale by an issuer of its securities during the period of twelve (12) months ending with the date of the sale in question to not more than fifteen (15) persons (excluding, in determining such fifteen (15) persons, purchasers of securities in transactions exempt under other provisions of this Section 5, purchasers of securities exempt under Section 6 hereof and purchasers of securities which are part of an offering registered under Section 7 hereof), provided such persons purchased such securities for their own account and not for distribution."

Whenever securities are sold under the provision of clause (c) of Subsection I of Article 581-5 of The Securities Act, the issuer must file proper notice with the Securities Commissioner prior to making such sale.

Under the facts you submitted, the only subsections of Section 5 of The Securities Act which could exempt B from the penal provisions of The Securities Act are Sections 5(C)(1) and 5(I). There is nothing in the fact situation you submitted which would indicate that the securities in question are exempt securities under the provisions of Section 6 of The Securities Act.

Whether B's sales of securities to X and the others are exempt transactions under Section 5(C)(1) of The Securities Act, the following fact questions must be determined:

(1) Whether the sales in question were made by or in behalf of B;

(2) Whether the sales in question were made in the course of a bona fide personal investment of the personal holdings of B;

(3) Whether B was in the business of selling securities at the time the questioned sales were made;

(4) Whether the sales in question were isolated transactions not made in the course of repeated and successive transactions;

(5) Whether any company (especially the corporation involved herein) benefited directly or indirectly from the sales in question.

If any of the stated fact questions are determined adversely to B, B's sales to X and the others would not be exempt under Section 5(C)(1) of The Securities Act.

In determining whether B's sales to X and the others are exempt transactions under Section 5(I)(a), a finding would have to be made on whether the sales were actually made through B, either directly or indirectly, as part of the corporation's original stock issue. If B's sales to X and the others were a part of the original distribution of the stock of the corporation, and were made by and through B as a part of a scheme to evade the registration requirements of the Securities Act, the sales to X and the others would not be exempt transactions under Section 5(I)(a) of the Securities Act since the issuer would have sold its stock to more than thirty-five persons. Certainly, the Courts will not allow the corporation to issue original issue stock indirectly without registration when it cannot issue the stock directly without fulfilling the registration requirements of The Securities Act. The Supreme Court held that a corporation doing business in a regulated industry may not do by indirection what it is prohibited from doing by direction. Southwestern Savings and Loan Association v. Falkner, 160 Tex. 417, 331 S.W.2d 917 (1960).

If it is determined that the stock was actually sold by the corporation through B, there is no question that B's sales to X and the others are not exempt transactions under Section 5(I)(c) as the corporation did not file the proper notice with the Securities Commissioner; however, from the facts submitted, we cannot determine whether proper notice would have cured this defect since you do not give the number of purchasers or the period during which they purchased.

If it is determined that B's sales to X and the others were not exempt transactions under Section 5(C)(1), 5(I)(a), or 5(I)(c), B clearly violated the penal provisions of The Securities Act as he was not a licensed securities dealer, salesman, or agent, and the corporation's stock was not registered. The facts you submitted do not show that A sold stock to X and the others. Unless it is determined that A participated in B's sales to X and the others, A did not violate the penal provisions of The Securities Act. A corporation cannot be indicted or tried under the criminal statutes of Texas. 14 Tex. Jur.2d 538, Corporations, Sec. 448.

It should be remembered that the State does not have to negative the exemptions under Section 5 in drawing an indictment for violation of The Securities Act. Bridges v. State, 360 S.W.2d 531 (Tex.Crim.App. 1962). Section 37 of The Securities Act clearly places the burden of claiming and proving an exemption on the party claiming such exemption.

## S U M M A R Y

Under the conditions submitted, a fact determination must be made whether the questioned stock sales were exempt transactions under the provisions of The Securities Act, Art. 581-5, V.C.S. If it is determined that the stock sales were not exempt, B clearly violated The Securities Act. A violated the Securities Act only if he participated in making the questioned stock sales. A corporation is not subject to prosecution for violation of The Securities Act.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

JOHN W. PAINTER, JR.
Assistant Attorney General

JWF:ced

APROVED BY:
OPINION COMMITTEE

W. V. Geppert, Chairman

Paul Phy
James Strock
Howard Fender
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone