Sherman W. COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 49913.

Court of Criminal Appeals of Texas.

May 28, 1975.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., and Jon Sparling, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury,[1] appellant was convicted of unlawful sale of an unregistered security. Punishment was assessed by the court at one and a half years in the Department of Corrections and a fine of $1,000.00.[2]

There is no complaint regarding the sufficiency of the evidence to support the verdict. Briefly, the facts are that appellant sold to complainant Karl F. Kuby a share in a venture in the nature of a mutual fund for $1,000.00. The arrangement, as reflected in the record, was that appellant was to manage the fund composed of Kuby's and other subscribers' money by dealing in bonds, stock and other securities. Appellant was to receive 50% of the profits from the venture with the remaining 50% to be distributed from time to time among the investors. The venture failed, and the investors lost their investment. Appellant was not a registered dealer, and the profit sharing and participating agreement was not registered, as required by Article 581–7, Vernon's Ann.Civ.Stats. of Texas.

In his first ground, appellant contends that the indictment is fundamentally invalid because it does not set out the alleged security in haec verba or otherwise sufficiently describe said security.

The indictment contained four counts, but only the first count was submitted to the jury. It charged that on or about January 16, 1967, in Dallas County,

" . . . Sherman W. Cox did then and there unlawfully engage in the business of a dealer in securities, and was then and there a dealer in securities by selling, offering for sale, soliciting subscriptions to and orders for securities, and did then and there sell and offer for sale to Karl F. Kuby and did then and there solicit of and from Karl F. Kuby a subscription to and order for a certain security, to-wit:

"One thousand dollar (1,000.00) investment in and under a profit sharing and participation agreement,

"And said security was issued after the effective date of 'The Securities Act' of the State of Texas and was then and there not registered by notification by and with the Securities Commissioner of the State of Texas, and then and there no permit for the sale of said security had been granted by the Securities Commissioner of the State of Texas, all as is provided by law in such cases and the said security was not then and there a duly registered security, duly registered as such by and with the Securities Commission of the State of Texas."

■ Appellant filed no motion in the trial court to quash the indictment, and this complaint is raised for the first time on appeal. Consequently, only such contentions cognizable under Article 27.08, Vernon's Ann.C.C.P., to-wit, that the indictment fails to allege the constituent elements of the offense, are before this Court. American Plant Food Corporation v. State, Tex.Cr.App., 508 S.W.2d 598; Terry v. State, Tex.Cr.App., 517 S.W.2d 554; Peterson v. State, 508 S.W.2d 844.

■ In Shappley v. State, Tex.Cr.App., 520 S.W.2d 766, this Court held that an indictment charging the defendant with selling securities without having been registered as a dealer or salesman need not allege the security sold in haec verba, and

---

1. Although the motion for a new trial was overruled and appellant was sentenced on November 29, 1969, the record was not approved in the trial court until September 12, 1974. The record was filed in this Court on February 19, 1975. We are at a loss to understand the necessity for such lengthy delay.

2. Article 581–29(B), Vernon's Ann.Civ.Stats. of Texas.

that the description alleged was sufficient. A motion to quash had been filed in the trial court and overruled.

We conclude that the description of the security in the instant case, although not as specific as that in Shappley, supra, was sufficient in the absence of a motion to quash in that said description, together with the other allegations contained in the indictment, alleged the constituent elements of the offense of an unlawful sale of an unregistered security.[3] American Plant Food Corporation v. State, supra; Terry v. State, supra.

The first ground of error is overruled.

Appellant next complains that the trial court improperly admitted certain opinion evidence by State's witness Wright to the effect that the document in question was, in fact, a security over objection that the term "security" was defined by law, and that any evidence Wright would give would invade the province of the jury.

Wright testified that he was a Senior Examiner with the State Securities Board, and outlined his duties and his qualifications and expertise with respect to the regulation of securities. He was also an attorney-at-law. No attack is made upon his qualifications in the field of securities.

Over the *sole* objection that the witness "would be substituting his answer for that of the jurors," Wright was permitted to testify that "Well, a security generally is where someone is putting up some money hoping to get a profit from it and the security is the instrument that represents, well, a certificate or whatever it is that represents the interest he holds in whatever program that he hopes to get a profit from."

Over the same objection, he was also permitted to testify that the document in question representing the agreement between appellant and complainant Kuby was a security.

■ There was no objection in the trial court that the question called for a conclusion of law, and this point is not before us for review. Burrow v. State, Tex.Cr.App., 481 S.W.2d 895.

■ Furthermore, the witness qualified as an expert in the field of securities and as a lawyer, and the subject of the inquiries was well within the scope of his competency and expertise.

■ The questions to which objections were made were not subject to the sole objection made in the trial court. See Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212, in which this Court recognized that "for all practical purposes, the 'invasion of the province of the jury' rule is and has long been dead." Boyde v. State, Tex.Cr. App., 513 S.W.2d 588 at p. 590.

The second ground of error is overruled.

■ Appellant next contends that the State failed to prove that "the transaction charged in the indictment was not exempt pursuant to Article 581-5(I), Vernon's Ann.Civ.Stats. of Texas."

Article 581-5(I), supra, provides exemption for the sale of any security by the issuer so long as the total number of securi-

3. See Bruner v. State, Tex.Cr.App., 463 S.W. 2d 205, 212, in effect approving the statement in S. E. C. v. W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244, that " ' . . . an investment contract for the purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise. * * * The test is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others. If that test be satisfied, it is immaterial whether the enterprise is speculative or non-speculative or whether there is a sale of property with or without intrinsive (sic) value.' "

ty holders does not exceed 35 *and* the sale is made without any public solicitation.

In construing this portion of the statute, the Court, in Dean v. State, Tex.Cr.App., 433 S.W.2d 173, 178, said:

"Since the exemption provided in Article 581–5.I(a), supra, is not contained within the body of the definition of the offense (Art. 581–29, supra), the State was not required to negative the exemption as one of its elements of proof. See Bridges v. State, 172 Tex.Cr.R. 508, 360 S.W.2d 531, cert. denied, 371 U.S. 821, 83 S.Ct. 38, 9 L.Ed.2d 61; See Salazar v. State [Tex.Cr.App.], 423 S.W.2d 297 (1968). The burden rested with appellant to raise this exemption defense; then, if raised, the burden shifted to the State to disprove such defense beyond a reasonable doubt."

The court submitted to the jury the issue of whether the offer for sale of the security was made without any public solicitation. No objection was raised by appellant to the manner in which it was submitted.

Appellant contends that the evidence establishes, as a matter of law, that the sale to Kuby was made without public solicitation and, therefore, was exempt under Article 581–5(I), supra. The record shows otherwise.

The record reflects that appellant met complainant Kuby at the latter's delicatessen shop. Almost every time thereafter that appellant came in the shop, he would boast about being an expert in the stock market, that he had studied stocks, "and that he had really found a way how he can predict which way a stock would go." In November, 1966, he told Kuby he was forming a joint venture, showing him a number of "graphs and charts" concerning stocks and bonds, to explain "what an expert he had become." He also explained

technical stock market terms, such as, "puts" and "calls," and other terms, and told Kuby that he had interested a number of other persons in his joint venture who had put money in it, and "that he had some of his own money in this joint venture, and what he was trying to do is buy stocks and sell them where we would share into the profits, and if we would have any lawsuits he would share half of them, too."

The record reflects additionally that in a similar manner he solicited others to enter the joint venture, as shown by the testimony of Henry Ashe, Warren Findley, James L. Bothe, Eugene Zumbaum, and Hugh Wright. Several of these witnesses testified that in conversations with appellant, "He convinced me of his ability to make money in the market" and "He convinced me that he couldn't lose." By virtue of his solicitations with these and other people, he was able to persuade them to "invest" money in his "joint venture" and to purchase securities along with complainant.

Appellant agrees in his brief that he met with at least thirteen persons and exhibited his plats and charts plotting the rise and fall of various publicly traded stocks. The record shows that each of them ultimately invested money in his scheme.

The evidence raises a fact issue of public solicitation, and was properly submitted to the jury. Dean v. State, supra; Birchfield v. State, Tex.Cr.App., 401 S.W.2d 825.

The third ground of error is overruled.

■ In his fourth ground, appellant complains of jury argument of the prosecuting attorney. The only objection made to the complained of argument was a general objection and amounts to no objection at all. Lamberson v. State, Tex.Cr.App., 504 S.W.2d 894; Patterson v. State, Tex. Cr.App., 509 S.W.2d 857. No reversible error is shown.

In his fifth ground, appellant alleges error in the court's refusal to permit him to cross-examine State's witness Ashe "regarding his bias and prejudice towards the defendant."

■ Appellant's complaint is that he "sought to adduce before the jury that Henry Ashe asserted in a civil law suit that the defendant had removed all the profitable investments from the investors' portfolio for his personal benefit."

Ashe was one of those who had invested money in the joint venture. Appellant sought to introduce the petition in a civil law suit Ashe and others had filed against appellant growing out of this venture. In a hearing out of the presence of the jury, Ashe denied that the petition alleged that appellant had removed all the profitable investments from the investors' portfolio for his personal benefit. The petition, which is in the record of a bill of exceptions, does not contain this allegation. Appellant does not contend that the petition which he sought to introduce in evidence contained any statement which could be used for impeachment purposes.

■ The fact that a witness has brought a civil suit against the defendant growing out of the same incident is admissible as tending to show interest and bias. Rhodes v. State, Tex.Cr.App., 387 S.W.2d 413; Blake v. State, Tex.Cr.App., 365 S.W.2d 795.

In the instant case the fact of the filing of the civil law suit was before the jury. Under the circumstances as shown the court did not err in refusing to admit the pleading in evidence. See Barker v. State, Tex.Cr.App., 509 S.W.2d 353; Brooks v. State, Tex.Cr.App., 475 S.W.2d 268; Acker v. State, Tex.Cr.App., 421 S.W.2d 398.

The judgment is affirmed.

Opinion approved by the Court.