**Jose Angel TREVINO and Noe Silvas Trevino, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50242.**

Court of Criminal Appeals of Texas.
June 4, 1975.

Bennie E. Ray, Brownsville, for appellant.

Fred Galindo, Dist. Atty., and James R. Odabashian, Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellants Jose Angel Trevino and Noe Silvas Trevino, Jr., tried jointly before a jury on their pleas of guilty, were convicted of possession of a usable quantity of marihuana of more than four ounces. Punishment for each was assessed at five years.

In their sole ground of error, appellants contend that "The indictment was fatally defective in that it did not state specifically the amount of Marihuana involved to allow a plea in Bar should subsequent prosecution be instituted from the same offense."

Appellants did not present this contention to the trial court, and filed no motion to quash the indictment, and this complaint is raised for the first time on appeal. Hence, only such contentions cognizable under Art. 27.08, Vernon's Ann.C.C.P., to-wit, that the indictment fails to allege the constituent elements of the offense sought to be challenged, are before this Court. American Plant Food Corporation v. State, Tex.Cr.App., 508 S.W.2d 598; Terry v. State, Tex.Cr.App., 517 S.W.2d 554; Cox v. State, Tex.Cr.App., 523 S.W.2d 695, (1975).

The indictment alleges that on or about April 10, 1974, in Cameron County, Texas, appellants "did then and there knowingly and intentionally possess a usable quantity of marihuana of more than four ounces . . ."

The offense is alleged to have occurred subsequent to the effective date of the Texas Controlled Substances Act, Art. 4476–15, Vernon's Ann.Civ.Stat. of Texas, effective August 27, 1973. Sec. 4.05 of the article as applicable here reads:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.

"(b) An offense under Subsection (a) of this section is:

"(1) a felony of the third degree if he possesses more than four ounces;

"(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;

"(3) a Class B misdemeanor if he possesses two ounces or less. . . ."

The indictment in the instant case followed the provisions of the above quoted statute, and sufficiently alleged in the terms of the statute the felony offense of possession of a usable quantity of marihuana of more than four ounces. See and compare Wirges v. State, Tex.Cr.App., 521

**720**

S.W.2d 251; Mears and Willis v. State, Tex.Cr.App., 520 S.W.2d 380; Wilson v. State, Tex.Cr.App., 520 S.W.2d 377. It is in substantially the language of the form of indictment for this offense approved in Morrison and Blackwell's New Penal Code Forms, Sec. 4.05A, page 84. It alleges every fact which may affect the jurisdiction of the court and the degree or kind of punishment.

Appellants' contention that the indictment for unlawful possession of marihuana must, under the Controlled Substances Act, allege the specific amount of marihuana possessed is without merit, and is overruled.

The judgment is affirmed.

Opinion approved by the Court.