**Opinion filed November 3, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00113-CR

_____

## HAROLD EDWARD MORGAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. 48859**

## M E M O R A N D U M   O P I N I O N

Harold Edward Morgan, Appellant, was charged with the offense of assault causing bodily injury, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2022). A jury found Appellant guilty and the trial court assessed punishment at confinement for one year in the county jail. Appellant challenges his conviction in a single issue contending that the trial court abused its discretion in refusing to permit Appellant to question the complainant about a civil lawsuit that

she had filed against Appellant. Appellant asserts that the trial court's ruling violated Rule 613(b) of the Texas Rules of Evidence and Appellant's Sixth Amendment right to confront and cross-examine witnesses against him. We affirm.

*Factual and Procedural History*

On June 10, 2020, Diana Soriano had returned home from work when Appellant knocked on the door. The house where she resided belonged to Appellant. Appellant yelled at Soriano about a water bill, but then he left. However, Appellant returned holding an axe in one hand and a pickaxe in the other. Appellant pushed his way past Soriano's husband, Guillermo Zaragoza Gonzales, and then attacked Soriano. Soriano suffered a bruise on her chest and a wound on her lower abdomen from the pickaxe. Gonzalez subdued Appellant, and Soriano called 9-1-1.

Appellant pursued a trial strategy of attacking Soriano's credibility. To demonstrate Soriano's bias against him, Appellant attempted to question Soriano about a civil lawsuit she filed against him. She alleged that in exchange for Soriano's repair of the house, Appellant had promised to give her the house. According to Soriano, she "invested thousands and thousands of dollars into that home" and "thought it was [hers]." After Appellant's pickaxe assault on June 10, Soriano no longer wanted to live in the house, and she endeavored to sell it. It was then that she learned that Appellant had never formally signed over the house to her. She hired an attorney after the assault to present a deed to Appellant to execute while he was confined in jail awaiting trial on the assault charge. At trial, Appellant was allowed to ask Soriano about her disputed claim to the house and about her attorney pressing Appellant to sign the deed while in jail. But the trial court did not allow Appellant to inquire into the specifics of Soriano's civil lawsuit against Appellant.

Appellant's sole issue on appeal is that he was unable to effectively cross-examine Soriano about her civil lawsuit, which he claims was filed to get him to execute the deed presented to him in jail by Soriano's lawyer. The implication was

2

that Appellant's refusal to execute the deed would result in reprisals in the tone and content of Soriano's testimony. According to Appellant, these facts demonstrated Soriano's potential bias and motive to give false and/or exaggerated testimony against Appellant in his assault trial. Accordingly, Appellant contends that the trial court should have permitted him to ask about the specifics of the civil lawsuit. The trial court allegedly "denied him the right to effectively confront the principal witness against Appellant."

*Standard of Review for Exclusion of Evidence*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles." *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). Further, we may not reverse the trial court's ruling unless the determination "falls outside the zone of reasonable disagreement." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). The scope of appropriate cross-examination is not unlimited, and the trial court generally has "wide discretion in limiting the scope and extent of cross-examination." *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009); *accord Carroll v. State*, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996). An evidentiary ruling will be upheld if it is correct on any theory of law applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Confrontation and the Sixth Amendment – No Preservation of Error*

"Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion." *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997); *accord Archie v. State*, 221 S.W.3d 695, 698 (Tex.

3

Crim. App. 2007); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Before considering the trial court's ruling to exclude evidence we must first determine whether Appellant preserved his complaint for appellate review. *See Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016); *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Darcy*, 488 S.W.3d at 327; *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010).

Rule 103(a)(2) of the Texas Rules of Evidence, which limits the scope of issues that may be appealed when evidence is excluded, and Rule 33.1(a) of the Texas Rules of Appellate Procedure, which governs error preservation generally, operate together with respect to error preservation regarding a trial court's decision to exclude evidence. *See Golliday v. State*, 560 S.W.3d 664, 668–69 (Tex. Crim. App. 2018) (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)). The explanation given at trial by the proponent of the evidence as to why the evidence is admissible must match the complaint urged on appeal. *Reyna*, 168 S.W.3d at 177–79; *see Golliday*, 560 S.W.3d at 670–71; *see also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

Here, Appellant argues that the limitation of his cross-examination with regard to Soriano filing a civil suit against him violated his constitutional right of confrontation. *See* U.S. CONST. amend. VI. However, at trial, when Appellant's trial counsel sought to question Soriano about the suit, he explained to the trial court that the evidence would go toward her "credibility" and "motive to fabricate a story." He never raised a constitutional argument for admitting the evidence. Nor did he mention the right of confrontation. Similarly, Appellant's motion for new trial is

devoid of confrontation and Sixth Amendment complaints. Because Appellant did not articulate his right of confrontation, the trial court never had the opportunity to rule on this rationale. *See Lopez v. State*, No. 03-18-00713-CR, 2020 WL 3468149, at *3 (Tex. App.—Austin June 19, 2020, no pet.) (mem. op., not designated for publication). In our review of the record, we find that Appellant never expressed any confrontation complaint to the trial court. *See, e.g.*, *Golliday*, 560 S.W.3d at 670–71 (to preserve argument that exclusion of defensive evidence violates constitutional principles, the defendant must state objection with sufficient specificity to make the trial court aware of constitutional grounds).

### *Evidence of a Civil Suit Filed*

Generally, the scope of cross-examination may, but does not always, include questions regarding civil suits between witnesses and defendants. *See Shelby v. State*, 819 S.W.2d 544, 545 (Tex. Crim. App. 1991); *Cox v. State*, 523 S.W.2d 695, 700 (Tex. Crim. App. 1975); *Blake v. State*, 365 S.W.2d 795, 796 (Tex. Crim. App. 1963). *But see Hoyos v. State*, 982 S.W.2d 419, 421–22 (Tex. Crim. App. 1998) (holding that trial court did not err in prohibiting cross-examination of the complainant regarding a civil suit against an apartment complex where robbery occurred); *Baker v. State*, No. 01-12-00554-CR, 2013 WL 2146715, at *2 (Tex. App.—Houston [1st Dist.] May 16, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court did not abuse its discretion when it limited cross-examination beyond the existence of a divorce action between Baker and his wife and did not allow the question of whether a conviction in the criminal case would benefit his wife in the divorce proceedings). Once the basis of the civil suit and any pecuniary or other interest of the witness in the suit are known to the jury, it is not error to refuse to admit further details of the related civil proceedings. *See Cox*, 523 S.W.2d at 700.

*An Offer of Proof–The Voir Dire Examination of Soriano*

"In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an 'offer of proof' which sets forth the substance of the proffered evidence." *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 103(a)(2)). A party may complain on appeal about a ruling excluding evidence if the error "affects a substantial right of the party" and the party "informs the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a). While Rule 103(a) does not require a question-and-answer format, "[c]ross-examination is a circumstance where the questions to be asked may be just as important as the answers to be received." *Moosavi v. State*, 711 S.W.2d 53, 55 (Tex. Crim. App. 1986).

An offer of proof may consist of a concise statement by trial counsel that includes a reasonably specific summary of the evidence and the relevance of the evidence, or the offer may be in question-and-answer form. *Mays*, 285 S.W.3d at 889–90. If in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Mays*, 285 S.W.3d at 890 (quoting Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 *Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* § 103.3 (1993)). Failure to make an offer of proof, where the record does not show what the excluded testimony would have been or shown, waives the complaint for appellate

review.  *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (citing *Stewart v. State*, 686 S.W.2d 118 (Tex. Crim. App. 1984)); *see* TEX. R. APP. P. 33.1.

Appellant challenges the exclusion of two lines of questioning: (1) questions about Soriano's hiring of a lawyer to present Appellant the deed while Appellant was confined in jail and (2) questions regarding the nature of the related civil suit for ownership of the house.  In this regard, the trial court conducted two hearings and permitted a voir dire examination of Soriano outside the presence of the jury.  During these hearings, trial counsel for Appellant argued to the trial court the relevance of Soriano's post-assault civil lawsuit against Appellant and Soriano's claim to title of the home and property based on an alleged oral agreement to deed the property to Soriano in exchange for improvements made thereto.  While the trial court acknowledged that it should give wide latitude when it comes to evidence of bias or interest on the part of the complainant under Rule 613(b), the deed transfer was first requested by Soriano sometime *after* the assault and Appellant's arrest.  Appellant's trial counsel responded to the trial court:

> [Soriano] shows up with her civil lawyer wanting [Appellant] to sign over his property, like a quid pro quo: Give me the property, I'll back off.  Don't give me the property, I sue you in civil court and continue with these allegations.

The State contended that Soriano's civil suit did not "relat[e] to the facts of this case."  It was not a suit seeking reimbursement of Soriano's hospital bills or damage to property as a result of the assault.  Appellant's trial counsel acknowledged that Soriano had not sued him "for hitting her with a pick axe" and that [i]t wasn't a battery suit."  Further, the State argued that there was no direct evidence of a proposed offer by Soriano where she ever said, "[O]h, yeah, I'll recant and say none of this happened in exchange for your signing over this deed."  The State asserted: "This altercation, this assault, had nothing to do with the civil lawsuit regarding a piece of property."

In voir dire examination of Soriano, she testified that there was indeed an oral agreement that the house would be given to her if she fixed it up, that thousands of dollars were spent over two and a half years to repair the home, that there was no written contract, and that it was not until after the assault that she found out that the property had never been deeded to her by Appellant. Her civil lawsuit related to Appellant's breach of the oral agreement to transfer ownership of the property.

*Rulings of the Trial Court*

The trial court ruled that it would allow Appellant's trial counsel to ask Soriano how she came to live there and whether or not there was ever a deed prior to the assault but that, pursuant to Rule 403 of the Texas Rules of Evidence,[1] Appellant could not address the details of the civil lawsuit. Appellant could make the point that there was some controversy regarding the home, this property, and the ownership of the property. The trial court acknowledged the need to give some leeway to Appellant to expose any interest, financial interest, motive, or ill will between Soriano and Appellant. The trial court went on to state:

> I'm going to let you ask about whatever the agreement [they had or] didn't have. You can ask her whether there was a deed or not a deed, and after this occurred, was there a deed taken to the defendant and that's it . . . .

The trial court specifically ruled that it would not allow trial counsel to get into the civil lawsuit itself.

Appellant's trial counsel acknowledged that he understood the trial court's ruling. He stated: "It's one of those deals, if I think of a question that I think is -- I'll approach before I ask something that I think may be subject to any exclusion that I think is *necessarily admissible*. I'll stop at the deed being taken to the jail. If I go beyond that, I'll --" to which the trial court responded, "*Well, if you want to go*

---

[1]THE COURT: "Under 4.03 [sic], I'm going to keep that out . . . ."

8

*beyond that, approach, and if I don't allow it, then, when we break for lunch, you can put that -- you can make an offer of proof at that time.*"

Interestingly however, when the jury returned to the courtroom and the cross-examination of Soriano resumed, counsel for Appellant spent thirteen transcribed pages of questions on the record before ever getting into the dispute over ownership of the property and delivery of the deed. Trial counsel for Appellant then spent less than three pages of transcript to question Soriano with regard to the contested issues surrounding the property dispute. Soriano testified that Appellant gave Soriano the house in exchange for fixing it up to make it livable; that no deed was ever given to her; and that, after the incident, she did retain private counsel who presented a proposed deed of ownership to Appellant while he was confined in jail. No other relevant questions were propounded; Appellant's trial counsel never approached the bench to obtain permission to proceed further in his cross-examination; and no offer of proof was made following cross-examination pursuant to the trial court's invitation.

Appellant was not precluded by the trial court from making any inferences therefrom in his closing argument:

> We also have to look at there is a property dispute going on. She hires a civil lawyer -- you saw him yesterday. Brady Pendleton -- to go out to the jail and try to get my client to sign over a house that he owns and some property based on some agreement that he gifted it to them, but there was no need for a deed and all until after this happened. Motive.

As stated by the Texas Court of Criminal Appeals, "[a] secondary purpose [of an offer of proof] is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Mays*, 285 S.W.3d at 890 (quoting Goode et al., *supra*, § 103.3). It is the "secondary purpose" of an offer of proof that is concerning here.

9

The record reflects the trial court's earnest efforts to determine the actual evidence being proffered so that it might reconsider its ruling as that evidence was elicited. While Appellant's trial counsel endeavored to argue relevance during the two hearings, trial counsel did not follow through with the trial court's invitation to approach the bench with additional questions that Appellant thought were "necessarily admissible" so that, as the cross-examination progressed, the trial court could reevaluate its rulings based on specific questions and specific answers. "It was the responsibility of the appellant to ensure that the substance of the evidence was placed into the record . . . ." *Mays*, 285 S.W.3d at 891.

Other than the fact that Soriano followed up her claim to the property by filing a civil lawsuit, all other relevant information elicited in the voir dire examination of Soriano was ultimately permitted by the trial court in cross-examination and presented to the jury. Any pleadings, admissions, documents, or other questions about the details of the civil lawsuit were not pursued in Soriano's voir dire examination, motion for new trial, or appellate brief and therefore are not preserved for our review. *See Lopez*, 2020 WL 3468149, at *3; *see also* TEX. R. EVID. 613(b)(4) (regarding inadmissibility of extrinsic evidence). Unfortunately, Appellant's discussion with the trial court on the record does not provide us with a reasonably specific summary of the additional evidence that Appellant's trial counsel wished to include about the civil suit. It did not allow the trial court to consider the specific questions or further wording contemplated by trial counsel and to consider, in context, whether the questions would or should be allowed. Because Appellant did not move forward with further questions brought to the bench, we cannot tell whether the trial court would have modified its rulings in light of further specific questions rather than something vaguely hypothetical. The restrictions imposed by the trial court were "reasonable," and by the questions permitted, "[t]he possible animus, motive, or ill will" resulting from Appellant's failure to deed the

10

property to Soriano was clearly evinced. *See Billodeau v. State*, 277 S.W.3d 34, 42–43 (Tex. Crim. App. 2009) (citing *London v. State*, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987); TEX. R. EVID. 613(b)) (defendant's cross-examination regarding bias issues is subject to reasonable restrictions by the trial court).

*Appellant Does Not Address The Trial Court's Ruling Under Rule 403*

The trial court's ruling to exclude the details of the civil suit was expressly based on its balancing of the probative value of that evidence against one or more dangers under Rule 403 of the Texas Rules of Evidence. Even if evidence has some relevance, Rule 403 permits a trial court to exclude that evidence if the "probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. Evidence is unfairly prejudicial when it has "an undue tendency to suggest that a decision be made on an improper basis." *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000) (quoting *Montgomery*, 810 S.W.2d at 389). Here, Appellant did not address the application of Rule 403 at trial, in its motion of new trial, or in its appellate brief.

> Recognizing that the trial court was in a superior position to gauge the impact of the evidence, we measure the trial court's ruling against the rule 403 balancing criteria: (1) the inherent probative force of the evidence along with (2) the . . . need for the evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Wells v. State*, 558 S.W.3d 661, 669 (Tex. App.—Fort Worth 2017, pet. ref'd) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006); *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)).

Notwithstanding that Appellant ignored any balancing review under Rule 403, we note that the factual basis behind the civil suit had been fully admitted before the jury, and therefore the inherent probative force of the evidence that a civil suit had subsequently been filed by Soriano was weak—as was Appellant's need for that evidence. Further, in its discretion, the trial court could have perceived that under the circumstances, the significance of a civil suit and the post-assault sequence of events might confuse the jury or distract them from the main issues of the criminal proceeding. We conclude that the trial court did not abuse its discretion in excluding the fact of a filed civil suit. Other evidence—the assault itself and the failure to execute a deed for the property—provided the jury with adequate information to permit them to accept Appellant's argument that Soriano's trial testimony regarding the assault or its magnitude may have been motivated by bias or ill will.

While Appellant's complaint that he was prevented from introducing into evidence the civil lawsuit was preserved for appeal, we cannot hold that the trial court abused its discretion by excluding Appellant's proffered evidence. Importantly, there is no dispute that the altercation was incited by a disagreement over a utility bill, not by Appellant's failure to convey title to the house. So while the later filed civil suit for title to the property might be a matter of bias, its relationship to the crime was tangential, and the information was substantively cumulative to other evidence that was broadly presented to the jury anyway. Appellant's closing argument that there may have been bias or ill will on Soriano's part with regard to her testimony due to the deed dispute, while lightly argued, was not restricted by any ruling of the trial court. Here, the trial court allowed Appellant's trial counsel to question Soriano as far as he wanted to, absent accepting the trial court's invitation to approach the bench so that it might consider further questions that trial counsel thought to be "necessarily admissible." The trial court did not act "arbitrarily or unreasonably" or "without reference to any guiding rules

12

and principles." *See Hill*, 499 S.W.3d at 865. Nor did the trial court's determination "fall[] outside the zone of reasonable disagreement." *See Johnson*, 490 S.W.3d at 908.

For all of the reasons above, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


November 3, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.