

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00051-CR

**JOE WILLIAM MOORE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2021-352-C1**

## MEMORANDUM OPINION

In three issues, Appellant Joe William Moore challenges his convictions for one count of aggravated sexual assault and one count of aggravated assault. *See* TEX. PENAL CODE ANN. §§ 22.02, 22.021. Specifically, Moore argues that: (1) the trial court abused its discretion by excluding evidence demonstrating the victim's bias in violation of Texas Rules of Evidence 613(b), *see* TEX. R. EVID. 613(b); (2) he was egregiously harmed by the trial court's omission of relevant statutory definitions in the guilt-innocence charge; and (3) the trial court assessed unauthorized court costs. We affirm as modified.

## Factual Background

The evidence at trial reflects that on the night of January 7, 2021, leading into the early morning of January 8, 2021, Moore and the victim, his wife, were in a heated argument over the possibility of divorce as their marriage had deteriorated over the years. During the argument, Moore grew violent and allegedly threatened/attacked his wife with a kitchen knife. At some point, Moore began demanding the whereabouts of his wife's pistol that she bought a few years earlier for self-defense. Trying to buy herself some time, the wife claimed that the gun was in the truck outside. Moore forced his wife outside to look for the gun. This exchange was captured on the doorbell camera. When his wife could not produce the gun, Moore forced her back inside the house and continued to demand the location of the gun. The wife eventually gave in and told Moore the gun was in her purse inside the master bedroom. The wife attempted to secure the gun first, but Moore overpowered her and secured the gun for himself. Moore then sexually assaulted his wife for the next six hours at gunpoint. When Moore was finished, he ordered his wife out of the bedroom, claiming that he would shoot himself. The wife left the room, and when she heard a single gunshot coming from the bedroom, she ran to her security panel and activated the panic button. Afterwards, the wife returned to the bedroom to find Moore sitting on the bed, alive, and a bullet hole in the ceiling. Officers responding to the activated panic button soon secured the scene and took Moore into custody. The wife underwent a physical examination and received treatment for her injuries.

**Issue One**

In his first issue, Moore argues that the trial court erred in excluding evidence that Moore's wife filed for divorce after Moore's arrest and was awarded the majority of the marital property. Moore asserts that the evidence would have shown bias on his wife's part in the form of economic motive pursuant to Texas Rule of Evidence 613(b). *See* TEX. R. EVID. 613(b).

AUTHORITY

We review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.* at 83. If the trial court's decision to exclude evidence is correct on any theory of law applicable to the case, it will be sustained. *Weatherred v. State*, 975 S.W.2d 323, 323 (Tex. Crim. App. 1998).

Rule 613(b) permits "impeaching a witness by proof of circumstances or statements showing bias or interest on the part of such witness," and parties are allowed great latitude to show "any fact which would or might tend to establish ill feeling, bias, motive and animus on the part of the witness." *Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998) (quoting *London v. State*, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987)); *see also Johnson v. State*, 263 S.W.3d 405, 424 (Tex. App.—Waco 2008, pet. ref'd); TEX. R. EVID. 613(b).

The excluded testimony given by the wife pertains to the division of assets as a result of the divorce from Moore. At a hearing outside the presence of the jury, the wife

testified that she was awarded the proceeds from the house that she owned before her marriage to Moore and two vehicles. One of the vehicles was under the wife's name, with Moore making payments, and the other was purchased using proceeds from selling Moore's motorcycle. The record indicates Moore attempted to use the wife's testimony to establish a possible economic motive to fabricate the events of January 7, 2021—to have Moore so that he would be unable to appear at the final divorce hearing to dispute the property division.

Moore draws a parallel between this case and *Nguyen v. State*, 506 S.W.3d 69, 72 (Tex. App.—Texarkana 2016, pet. ref'd). In *Nguyen*, Nguyen drove his car in front of a motorcycle driven by the victim and slammed on his brakes, forcing the victim to crash his motorcycle and sustain serious injury. *Id*. The trial court limited cross-examination of the victim by prohibiting questions regarding the pending civil lawsuit that the victim filed against Nguyen. *Id*. at 85. The Sixth Court of Appeals determined that the trial court erred, holding that "[t]he fact that a witness has filed a civil suit against a defendant arising from the same incident for which the defendant is on trial is generally admissible as tending to show interest and/or bias on the part of the witness." *Id*.; *see also Cox v. State*, 523 S.W.2d 695, 700 (Tex. Crim. App. 1975). As the court noted, "[t]he relevance of such evidence is derived from its impeachment value to show motive to give false testimony based on a witness' desire to recover damages or other relief." *Nguyen*, 506 S.W.3d at 86.

DISCUSSION

*Nguyen* is inapplicable in this case because Moore's wife had no economic interest in Moore's conviction. To impeach a witness under Rule 613(b), the given facts and circumstances, when tested by human experience, must tend to show that a witness may shade her testimony for the purpose of helping to establish one side of the cause only. *Carroll v. State*, 916 S.W.2d 494, 497–98 (Tex. Crim. App. 1996) (quoting *Jackson v. State*, 482 S.W.2d 864, 868 (Tex. Crim. App. 1972)). In *Nguyen*, it was reasonable to conclude that the victim had a possible economic motive to shade his testimony because the outcome of the criminal trial could be indicative of the victim's likelihood of success in his civil suit. *See Nguyen*, 506 S.W.3d at 86. However, Moore's divorce was final before his criminal trial convened, including any economic benefit received by his wife. Thus, the wife had no "interest" or "bias" under Rule 613(b) to "shade" her testimony because the outcome of Moore's criminal trial had no bearing on the outcome of the finalized divorce.

Under Rule 403, the trial court may also properly limit the scope of cross-examination to prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation. TEX. R. EVID. 403; *Nguyen*, 506 S.W.3d at 85. The Court of Criminal Appeals has explained that Rule 403 requires the court to balance

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not

been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The trial court could have reasonably concluded that the wife's testimony had a strong tendency to confuse or distract the jury from the main issues. The case at trial was whether Moore assaulted and sexually assaulted his wife, not whether he received his fair share from a divorce proceeding. Furthermore, as part of the wife's excluded testimony, she stated that Moore "wanted to take the money from the sale of the house because his bond was 400,000 and he needed 40,000. So he wanted to take some of the proceeds of my home, which he had never paid a house note, and get out of jail." This statement could further confuse the main issue, which was Moore's criminal culpability, not whether he was entitled to use proceeds from a house sale to post bond.

After balancing the various Rule 403 factors, we discern no abuse of discretion on the part of the trial court for excluding the wife's testimony. We overrule Moore's first issue.

**Issue Two**

In his second issue, Moore contends that the abstract section of the jury charge, as it relates to the sexual assault charge, erroneously defined the terms "intentionally" and "knowingly" by providing "result of conduct" rather than "nature of conduct" definitions, which caused Moore to suffer egregious harm.

When an appellant complains of jury charge error, we must first determine whether the charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

> If error exists, we then analyze the harm resulting from the error. If the error was preserved by objection, any error that is not harmless will constitute reversible error. If the error was not preserved by objection, the error will not result in reversal of the conviction without a showing of egregious harm. Egregious harm is harm that deprives a defendant of a "fair and impartial trial."

*Price*, 457 S.W.3d at 440 (citations omitted).

Article 36.14 of the Texas Code of Criminal Procedure provides that the trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case. . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14. Moore argues that because aggravated sexual assault focuses on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct, the abstract section of the charge should have limited the definitions, as outlined in section 6.03 of the Penal Code, to the nature of the conduct. TEX. PENAL CODE ANN. § 6.03; *see also Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999); *Reed v. State*, 421 S.W.3d 24, 28–29 (Tex. App.—Waco 2013, pet. ref'd).

Section 6.03 defines "intentionally" and "knowingly" in light of "two possible conduct elements—nature of the conduct and result of the conduct." *Price*, 457 S.W.3d at 441. The relevant parts of section 6.03 state:

(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE ANN. § 6.03 (a), (b).

We use the gravamen of the offense to decide which conduct elements should be included in the culpable mental-state language. *Price*, 457 S.W.3d at 441.

> The gravamen of the offense is: the "gist; essence; [or the] substance" of the offense (BALLENTINE'S LAW DICTIONARY 534 (3rd ed. 1969)); "[t]he substantial point or essence of a claim, grievance, or complaint" (BLACK'S LAW DICTIONARY 817 (9th ed. 2009)); "the part of an accusation that weighs most heavily against the accused; the substantial part of a charge or accusation." (WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE 617 (1989)).

*Price*, 457 S.W.3d at 441.

If the gravamen of an offense is the nature of conduct, the jury charge on culpable mental state should be tailored to the nature of conduct. *See, e.g., Alvarado v. State*, 704 S.W.2d 36, 38–40 (Tex. Crim. App. 1985). We have held that aggravated sexual assault is "a conduct-oriented offense in which the focus of the offense is on whether the defendant acted intentionally or knowingly with respect to the nature of his conduct rather than the result of his conduct." *Reed*, 421 S.W.3d at 28–29. As such, assuming without deciding that the trial court erred, Moore did not object. Therefore, Moore is not entitled to a

reversal unless he was egregiously harmed by the definitions included in the charge. *See Almanza*, 686 S.W.2d at 171.

*Egregious Harm*. "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Additionally, we may also consider "the degree, if any, to which the culpable mental states were limited by the application portion of the jury charge." *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995) (quoting *Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994)).

DISCUSSION

While the trial court gave the full statutory definitions of the culpable mental states in the abstract portion of the charge, the trial court limited the scope of the definitions in the application paragraph pertaining to the alleged conduct:

> As to AGGRAVATED SEXUAL ASSAULT and AGGRAVATED ASSAULT alleged in the indictment, the State has the burden of proof. The State must prove each of the elements in the charged offenses beyond a reasonable doubt. The elements are set out below. If each of you believes the State has proved each and every element beyond a reasonable doubt, you are required to return a verdict of guilty.
>
> If you believe the State has failed to prove any element of any count of the Indictment, you are required to return a verdict of not guilty as to that count. If you have a reasonable doubt as to whether the Defendant is

guilty of a count of the indictment, you are required to find the Defendant not guilty as to that count.

ELEMENTS – COUNT I

1. On or about the 8TH day of January, 2021;
2. in McLennan County, Texas;
3. the Defendant, JOE WILLIAM MOORE;
4. did then and there intentionally or knowingly cause the penetration of the sexual organ of [THE COMPLAINANT], hereafter styled the complainant, by the sexual organ of the Defendant;
5. without the consent of the complainant;
6. and the Defendant did then and there by acts or words threaten to cause or place, the complainant in fear that death or serious bodily injury would imminently be inflicted on [THE COMPLAINANT], and the acts or words occurred in the presence of the complainant.

Thus, the jury was instructed that it could convict Moore of aggravated sexual assault only if they found that 1) Moore had intentionally or knowingly caused the penetration of his wife's sexual organ by Moore's sexual organ, and 2) Moore threatened to cause or placed his wife in fear of death or serious bodily injury. The application is specifically tailored to demonstrate the statutorily prohibited conduct. *See* TEX. PENAL CODE ANN. § 22.021.

Further, the definitions of "intentionally" and "knowingly" included in the abstract section of the jury charge do not affect the very basis of the case, deprive Moore of a valuable right, or vitally affect a defensive theory. Moore's defense, though somewhat ambiguous, leans towards the theory that his wife allegedly had an economic motive to fabricate the events that transpired on January 7, 2021. In other words, this was not a case in which intent was a contested issue at trial. Therefore, whether Moore possessed the culpable mental state required to commit the offense is neither the focal

point of Moore's defense nor does it affect his right to assert a defense. Accordingly, we cannot conclude that the alleged charge error caused Moore egregious harm. *See Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi–Edinburg 1989, no pet.) ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'"); *see also Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.). We overrule Moore's second issue.

**Issue Three**

In his third issue, Moore argues that the trial court erred in assessing certain unauthorized costs. The State concedes that the trial court erred and agrees that the judgment should be modified as Moore requests.

Moore specifically argues that the following fees and costs were improperly assessed: (1) sheriff's criminal court costs, $35.00; (2) criminal jury fee, $20.00; (3) DNA testing fee, $250.00; and (4) court appointed investigator's fee, $1,500.00. We find no legal basis for these fees. Accordingly, we sustain Moore's third issue and modify the judgment and bill of costs to delete the foregoing fees.

**Conclusion**

Having overruled Moore's first and second issues and sustained Moore's third issue, we affirm the trial court's judgment as modified.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed as modified
Opinion delivered and filed April 26, 2023
Do not publish
[CRPM]

